1
 2024 CO 72 In the Matter of Complainant: The People of the State of Colorado, and David Brett Woods, a former judge of the Denver Juvenile Court, Respondent: No. 23SA323
Supreme Court of Colorado, En Banc
December 9, 2024
 
          
 Original Proceeding in Discipline Colorado Commission on
 Judicial Discipline Case No. 23-97
 
 
          
 Appearing for Colorado Commission on Judicial Discipline and
 Complainant: Jeffrey M. Walsh, Special Counsel and Interim
 Executive Director Denver, Colorado
 
 
          
 Attorneys for Respondent: Cohen|Black Law, LLC Nancy L. Cohen
 Denver, Colorado
 
 
          
 JUSTICE BOATRIGHT did not participate.
 
 2
 
 
           PER
 CURIAM.
 
 
          ¶1
 Former Judge David Brett Woods, you appear before this court
 for imposition of discipline for violating the duties of your
 office as the Presiding Judge of the Denver Juvenile
 Court.[1] The Colorado Commission on Judicial
 Discipline ("the Commission") recommends approval
 of the Stipulation for Public Censure ("the
 Stipulation") dated November 15, 2024, which you and the
 Commission executed pursuant to Rule 37(e) of the Colorado
 Rules of Judicial Discipline ("Colo. RJD").
 Consistent with the Stipulation, the Commission recommends
 that this court issue a public censure.
 
 
          ¶2
 This court adopts the Commission's recommendation.
 
 
          I.
 Summary of Allegations
 
 
          ¶3
 The Commission alleges that former Judge Woods, prior to his
 resignation from the bench on February 9, 2024, was at times
 impaired by alcohol while working and that a subordinate
 employee reported concerns about this to the employee's
 supervisors in the spring of 2019. The Commission further
 alleges that those supervisors shared the employee's
 concerns with former Judge Woods, who then fired the employee
 for reporting these concerns.
 
 3
 
          II.
 Former Judge Woods' Response
 
 
          ¶4
 Former Judge Woods admits to the above allegations. However,
 he offers as mitigation that, before terminating the
 employee, he consulted with Human Resources for the Judicial
 Department ("HR"), who prepared the communications
 to the employee regarding termination (referenced in
 paragraph 6 of the stipulated facts below). Former Judge
 Woods asserts that HR informed him that it was permissible to
 terminate the reporting employee. Former Judge Woods further
 asserts that he believed that a lawyer for the Judicial
 Department was aware of the communications to the employee.
 
 
          III.
 Stipulated Facts
 
 
          ¶5
 Former Judge Woods and the Commission stipulate to the
 following facts:
 
 
 1. In October of 2017, the Denver Juvenile Court hired a new
 Clerk of Court who will be referenced in this stipulation as
 the "reporting employee." At the time of the
 reporting employee's hire, [former] Judge Woods was the
 Presiding Judge of the Denver Juvenile Court, and he had
 hire/fire authority over the reporting employee.
 
 
 2. By 2019, the reporting employee developed concerns that
 [former] Judge Woods was at times impaired by alcohol while
 at work. These concerns included, among other indicia of
 impairment, smelling the odor of alcohol on Woods'
 breath.
 
 
 3. [Former] Judge Woods now admits that the reporting
 employee's concerns were legitimate and that he was at
 times under the influence of alcohol while at work.
 
 
 4. As a result of the above concerns, in the Spring of 2019,
 the reporting employee disclosed the employee's concerns
 about
 
 4
 
 [former] Judge Woods to the employee's immediate
 supervisors, who in turn reported the concerns to [former]
 Judge Woods.[2]
 
 
 5. [Former] Judge Woods then disclosed the reporting
 employee's allegations against him (which he denied at
 the time) to the Judicial Department's Human Resources
 Division. [Former] Judge Woods expressed to Human Resources
 that he wanted to terminate the reporting employee because he
 no longer trusted the employee as a result of what he
 characterized as the employee's false allegations. An
 employee at the Human Resources Department advised [former]
 Judge Woods that termination was permissible.[3]
 
 5
 
 6. Based on the above advice, [former] Judge Woods, through
 Judicial Department staff, communicated to the reporting
 employee that the employee would be fired.
 
 
 7. The reporting employee then hired counsel and negotiated a
 separation agreement with the Judicial Department by which
 the employee voluntarily resigned with severance and was
 permitted to message the employee's departure as a
 resignation.
 
 
 8. After the reporting employee's
 resignation/termination, it was rumored amongst Denver
 Juvenile Court staff that the reporting employee was
 terminated for reporting concerns about [former] Judge
 Woods' alcohol impairment while working. For the next
 four years, no other Denver Juvenile Court staff formally
 reported concerns about [former] Judge Woods' alcohol
 impairment at work because of a fear of retaliation.
 Nevertheless, [former] Judge Woods asserts that, other than
 his discussions with HR personnel about the reporting
 employee's termination, he never discussed the reasons
 for the reporting employee's departure with anyone.
 
 
 9. In 2023, several Denver Juvenile Court staff did
 ultimately report formally to the Judicial Department
 concerns that [former] Judge Woods was at times under the
 influence of alcohol while working. These reports were
 forwarded to the Commission, and the Commission opened an
 investigation into [former] Judge Woods, which led to his
 temporary suspension from the bench on December 21, 2023
 (i.e., seven weeks before his retirement).
 
 
 10. The Commission asserts that it is irrelevant that
 [former] Judge Woods received advice from Human Resources
 indicating that Woods could terminate the reporting employee
 legally. The Commission asserts that [former] Judge Woods
 should have known that it was a violation of Colorado's
 Judicial Code of Ethics to be under the influence of alcohol
 while working. The Commission further asserts that Woods, as
 a judge, should have known, despite any advice he received
 from Human Resources, that it was both illegal and unethical
 to terminate an employee for formally reporting concerns
 about Woods' alcohol impairment at work.
 
 6
 
          IV.
 Stipulated Rule Violations
 
 
          ¶6
 The parties further stipulate that former Judge Woods
 violated the following rules of the Colorado Code of Judicial
 Conduct ("C.J.C."):
 
 
 [C.J.C.] Canon Rule 1.2
 
 
 11. Canon Rule 1.2 states in relevant part:
 
 
 A judge shall act at all times in a manner that promotes
 public confidence in the independence, integrity, and
 impartiality of the judiciary, and shall avoid impropriety
 and the appearance of impropriety.
 
 
 12. Comment 5 to Canon Rule 1.2 recognizes that
 "[i]mpropriety" includes "[violations of] law,
 court rules[] or provisions of this Code."
 
 
 13. Colo. RJD 5(a)(3) states that grounds for judicial
 discipline include "[i]ntemperance" and "abuse
 of alcohol."
 
 
 14. Through his retaliatory discharge of the reporting
 employee and his alcohol impairment at work, [former] Judge
 Woods admits that he violated Canon Rule 1.2.
 
 
 [C.J.C.] Canon Rule 2.3(C) 15.
 
 
 Canon Rule 2.3(C) states:
 
 
 A judge shall not engage in retaliation for reporting of
 misconduct under this Code or other legal authority. The duty
 to refrain from retaliation includes retaliation against
 current and former Judicial Branch personnel as well as
 attorneys and other members of the public.
 
 
 16. [Former] Judge Woods violated Canon Rule 2.3(C) when he
 fired the reporting employee for reporting to the
 employee's supervisors her concerns that [former] Judge
 Woods was under the influence of alcohol while at work.
 
 
 [C.J.C.] Canon Rule 2.5(A)
 
 7
 
 17. Canon Rule 2.5(A) states that a judge "shall perform
 judicial and administrative duties competently and
 diligently."
 
 
 18. [Former] Judge Woods violated Canon Rule 2.5(A) by doing
 his job while impaired by alcohol as described
 above.[4]
 
 
          V.
 Stipulated Sanctions
 
 
          ¶7
 Former Judge Woods, based on the foregoing, you and the
 Commission stipulated that the sanctions in this case should
 include a written public censure from this court. You further
 agreed to waive your right to a hearing in formal proceedings
 and judicial review of such proceedings. You and the
 Commission also agreed that, pursuant to Colo. RJD 37(e),
 this Stipulation and the record of proceedings shall become
 public.[5]
 
 
          ¶8
 Colo. RJD 37(e) allows the Commission to file with this court
 a stipulated resolution of the proceedings as the
 Commission's recommendation to this court. Colo. RJD 36
 sets forth what sanctions the Commission may recommend, which
 include a written public censure. Colo. RJD 36(e);
 accord Colo. Const. art. VI, § 23(3)(f)
 ("Following receipt of a recommendation from the
 commission, the
 
 8
 
 supreme court . . . shall order removal, retirement,
 suspension, censure, reprimand, or discipline, as it finds
 just and proper ....").
 
 
          ¶9
 Upon consideration of the law, the evidence, the record of
 the proceedings, the parties' Stipulation, and the
 Commission's recommendation, and being sufficiently
 advised in the premises, this court concludes that the
 Stipulation's terms comply with Colo. RJD 37(e) and are
 supported by the record of the proceedings. Therefore, this
 court orders the Stipulation to become effective and issues
 the agreed-upon sanctions.
 
 
          ¶10
 This court hereby publicly censures you, former Judge David
 Brett Woods, for failing to maintain the high standards of
 judicial conduct required of a judge; for violating Canon
 Rule 1.2, which requires a judge to comply with the law and
 to act at all times in a manner that promotes public
 confidence in the integrity of the judiciary; for violating
 Canon Rule 2.3(C), which prohibits a judge from retaliating
 against an employee for reporting misconduct; and for
 violating Canon Rule 2.5(A), which requires a judge to
 perform judicial and administrative duties competently and
 diligently.
 
 
 ---------
 
 
 Notes:
 
 
 [1] Former Judge Woods resigned from
 judicial office on February 9, 2024.
 
 
 [2] The court notes that Chief Justice
 Directive 22-01, Directive Concerning the Reporting of
 Internal Complaints of Judicial Misconduct Made by an
 Employee, Volunteer, or Contractor for the Department
 (effective Nov. 8, 2022), outlines the current procedures for
 reporting judicial misconduct. Under section II(C) of that
 directive, a supervisor should not inform a chief judge about
 a complaint if they are the subject of that
 complaint:
 
 
 If the initial report is made to a supervisor who is
 not the Court Executive, Chief Probation Officer, Chief
 Judge, SCAO Director or HR director, the recipient of a
 report, written or verbal, must provide copies of, or a
 summary of the report (marked personal and confidential) to
 the Chief Judge (unless the Chief Judge is the subject of
 the complaint), or the Court Executive, or the Chief
 Probation Officer, or the Division Director at SCAO and a
 copy shall be provided to the HR Director.
 
 
 (Emphasis added.)
 
 
 [3] The court notes that the Director of
 Human Resources in the spring of 2019 resigned later that
 year as part of a number of high-profile resignations at the
 Judicial Department. The court further notes that Colorado
 Judicial Department Personnel Rule 20.A.2.f.v. now allows
 disciplinary action for false reporting only if the reporting
 person "has maliciously or recklessly made false
 accusations against another," and only after the Human
 Resources Division of the State Court Administrator's
 Office has investigated the report and made the appropriate
 findings and recommendations. C.J.D.P.R. 20.A.2.f.iv.,
 v.
 
 
 [4] The Stipulation misquoted minor
 aspects of the Colorado Code of Judicial Conduct and the
 comments thereto. Those misquotations have been corrected,
 and the corrections appear in brackets.
 
 
 [5] The Stipulation, the Commission's
 recommendation, and the record of proceedings became public
 when the Commission filed its recommendation with this court.
 Colo. RJD 6.5(a), 37(e).
 
 
 ---------